IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARSHALL ALLEN GUSS, # 251123,      )
                                     )
            Petitioner,              )
                                     )
      v.                             )        Civil Action No. 3:11cv236-WHA
                                     )                  (WO)
GARY HETZEL, *et al.*,               )
                                     )
            Respondents.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Marshall Allen Guss ("Guss").

## I.   BACKGROUND

On January 9, 2007, a Russell County jury found Guss guilty of trafficking in methamphetamine, in violation of § 13A-12-231, Ala. Code 1975; manufacturing methamphetamine in the first degree, in violation of § 13A-12-218, Ala. Code 1975; and unlawful possession of drug paraphernalia, in violation of § 13A-12-260, Ala. Code 1975. On February 13, 2007, the trial court sentenced Guss as a habitual offender to 99 years in prison for the trafficking and manufacturing convictions and 6 months for the drug-paraphernalia conviction, all terms to run concurrently.

Guss appealed to the Alabama Court of Criminal Appeals. His appellate counsel filed a no-merit, "*Anders* brief"[1] raising one issue for consideration: whether the trial court erred

---

[1] *See Anders v. California*, 386 U.S. 738 (1967).

in denying Guss's motion for judgment of acquittal challenging the sufficiency of the evidence to sustain his convictions.  Exh. B.  Guss was afforded an opportunity to submit *pro se* issues for appellate review and did so in a brief, in which he asserted claims that his trial counsel was ineffective for (1) "admitting to the manufacturing charge" in his opening statement to the jury, (2) stipulating to the chain of custody of the State's evidence, (3) stipulating to the admission of the State's forensic report, and (4) failing to object to introduction of Guss's prior convictions at sentencing.  Exh. C at 1-2.[2]

On October 26, 2007, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Guss's convictions and sentence, finding that the evidence was sufficient to sustain his convictions and that his *pro se* claims of ineffective assistance of counsel were not preserved for appellate review because they were not first presented to the trial court in a motion for new trial.  Exh. D.  Guss did not file an application for rehearing, and he did not petition the Alabama Supreme Court for certiorari review.  The Alabama Court of Criminal Appeals issued a certificate of judgment on November 15, 2007.  Exh. E.

On September 10, 2008, Guss filed with the trial court (the Circuit Court of Russell County) a post-conviction petition pursuant to Ala. R. Crim. P. 32, asserting the following claims:

1.      Trial counsel was ineffective for failing to object to the indictment on the basis that it lacked the word "unlawful" and

---

[2] In this and other sections of this Recommendation, all references to exhibits ("Exh.") are to those included with the respondents' answer, Doc. No. 15.  References to document numbers are to those assigned by the Clerk.  Page references are to those assigned by CM/ECF.

2

for failing to object to the trial court's "constructive amendment of the indictment" during its oral charge to the jury.

2.    Trial counsel was ineffective for failing to object to the State's forensic evidence on the basis that it did not meet the requirements for admissibility of scientific evidence under "the *Frye* standard."

3.    Trial counsel was ineffective for failing to challenge the State's forensic evidence on the ground that it was "tainted" and, in conjunction, to move for a judgment of acquittal on the ground that the State could not meet its burden of proving Guss was in possession of more than 28 grams of methamphetamine had not the evidence been tainted.

4.    Trial counsel was ineffective for failing to object to Guss being subjected to double jeopardy or arguing that the trial court was without jurisdiction to render a judgment and impose a sentence that violated double-jeopardy principles.

5.    The trial court lacked jurisdiction to impose a sentence under Alabama's Habitual Offender Act, because Guss "believed" one or more of his prior convictions *may* have resulted from nolo contendere pleas.

Exh. F at 28-56.

The State filed an answer and motion to dismiss in which it argued that Guss's claims were procedurally barred pursuant to Ala. R. Crim. P. 32.2 (a)(3) and (a)(5);[3] that Guss had failed to provide a sufficient factual basis for any of his claims pursuant to Ala. R. Crim. P.

---

[3] Rules 32.2 (a)(3) and (a)(5) preclude post-conviction relief based upon any nonjurisdictional ground that could have been, but was not, raised at trial or on direct appeal.

32.3 and 32.6(b);[4] that he had failed to allege any newly discovered facts pursuant to Ala. R. Crim. P. 32.1(e)[5] that would require his sentence to be vacated; and that his claims were without merit.  Exh. F at 59-60.

On December 8, 2008, the trial court entered a written order denying Guss's Rule 32 petition, finding that his claims of ineffective of assistance of counsel were precluded because they were not raised in a motion for a new trial or on appeal and that his claim he was improperly sentenced under Alabama's Habitual Offender Act was without merit.  *Id.* at 67-68.  Guss appealed, asserting the following claims:

    1.    The trial court erred in holding that his claims of ineffective assistance of counsel were precluded from review and in dismissing these claims without an evidentiary hearing.

    2.    The trial court erred in holding that his claim he was improperly sentenced under Alabama's Habitual Offender Act was without merit.

Exh. G.

On November 6, 2009, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Guss's Rule 32 petition. Exh. I.  Guss filed an application for rehearing, which the appellate court overruled on December 24, 2009.  Exhs.

---

[4] Rule 32.3 provides that the petitioner has the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.  Rule 32.6(b) requires that the petition contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.

[5] Rule 32.1(e) sets forth the requirements for post-conviction relief based on newly discovered evidence.

J and K. Guss filed a petition for certiorari review with the Alabama Supreme Court, which

that court denied on August 6, 2010, issuing a certificate of final judgment the same day.

Exhs. L and M.

On March 9, 2011, Guss filed this petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, asserting the following claims:

1.  His trial counsel was ineffective for (a) failing to challenge the
    lack of an essential element of the indictment, specifically, the
    absence of the word "unlawfully" in connection with the
    manufacture of methamphetamine; and (b) failing to object to
    the trial court's constructive amendment of the indictment by
    using the terms "knowingly and intentionally" in its oral charge
    to the jury.

2.  His trial counsel was ineffective for failing to move to suppress
    the State's forensic evidence, and for failing to move for a
    judgment of acquittal, on the ground that the State's forensic
    expert lab technician did not comply with "the *Frye*
    requirements."

3.  His trial counsel was ineffective for failing to challenge the
    State's forensic evidence based on a police officer's "tainting"
    of the methamphetamine evidence.

4.  His trial counsel was ineffective for failing to raise a double
    jeopardy claim based on his being charged with both
    manufacturing and trafficking methamphetamine.

5.  The trial court lacked jurisdiction to impose a sentence under
    Alabama's Habitual Offender Act, because the prior felony
    convictions the trial court relied on to enhance his sentence
    resulted from nolo contendere pleas.

Doc. No. 1 at 5-6.

Guss later amended his § 2254 petition to add the following claims:

1. His trial counsel was ineffective for failing to object to the State's chain of custody for the drug evidence.

2. The trial court erred in sentencing him for trafficking methamphetamine "when there was no usable product to weigh, just precursor chemicals."

3. His convictions for manufacturing methamphetamine and trafficking methamphetamine were based on the same conduct and therefore violated the prohibition against double jeopardy.

4. The State failed to disclose favorable evidence – "an official police report from the day of [his] arrest" – in violation of *Brady v. Maryland*.

Doc. No. 13 at 1-15.

The respondents filed answers addressing Guss's claims (Doc. Nos. 15 and 22), and Guss filed responses thereto (Doc. Nos. 18 and 26).  Following a careful review of Guss's petition, as amended, the undersigned finds for the reasons set forth below that Guss is not entitled to habeas relief on the basis of any of his claims and that his petition should be denied without an evidentiary hearing.  Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II.   DISCUSSION

### A.   Claims Adjudicated by State Court

#### 1.   *Ineffective Assistance of Counsel Claims*

Each claim of ineffective assistance of counsel asserted by Guss in his original § 2254

petition (filed on March 9, 2011) was presented to the trial court in his Rule 32 petition and then pursued on appeal from the denial of his Rule 32 petition. In its memorandum opinion affirming the trial court's denial of Guss's Rule 32 petition, the Alabama Court of Criminal Appeals held, in pertinent part, as follows with regard to these claims of ineffective assistance of counsel:

> On appeal, Guss reasserts his allegations of ineffective assistance of counsel. Guss further argues that the circuit [court] erroneously dismissed these claims without first holding an evidentiary hearing pursuant to Rule 32.9, Ala. R. Crim. P.

> To prevail on his claims of ineffective assistance of counsel, a petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U .S. 668 (1984). First, he must identify the specific acts or omissions that he alleges were not the result of reasonable professional judgment on counsel's part and show that these acts or omissions fall "outside the wide range of professionally competent assistance." *Id.* at 690. If he meets this burden, he must then show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.; *see also Ex parte Lucas*, 865 So. 2d 418, 421 (Ala. 2002) (affirming this court' s opinion upholding the trial court's denial of a Rule 32 petition on the basis that "'when a simple reading of a Rule 32 petition shows that, assuming the allegations of the petition to be true, it is obviously without merit ..., the trial court may summarily dismiss the petition without requiring any response from the State'") (internal citation omitted).

> Merely alleging that trial counsel was ineffective does not entitle a petitioner to a hearing pursuant to Rule 32.9, Ala. R. Crim. P. An evidentiary hearing on a [Rule 32] petition is required only if the petition is "'meritorious on its face.'" *Duncan v. State*, 925 So. 2d 245, 256 (Ala. Crim. App. 2005) (quoting *Ex parte Boatwright*, 471 So. 2d 1257 (Ala. 1985)). A Rule 32 petition is "meritorious on its face" only if it "contain[s] matters and allegations which, if true, entitle the petitioner to relief," *Ex parte Boatwright*,

7

471 So. 2d at 1258, and if it "contains a full disclosure of the [factual basis for the claim as required under Rule 32.6(b), Ala. R. Crim. P.]  "*Moore v. State*, 502 So. 2d 819 (Ala. 1986); *Ex parte Clisby*, 501 So. 2d 483, 486 (Ala. 1986); *See also Boyd v. State*, 913 So. 2d 1113, 1125 (Ala. Crim. App. 2003); Duncan v. State, 925 So. 2d ?45, 256 (Ala. Crim. App. 2005).

Regarding the full-fact pleading requirement contained in Rule 32.6(b), this court has explained:

> "Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.  In 'other words, it is not the pleading of a conclusion which, if true, entitles the petitioner to relief.  It is the allegation of facts in pleading which, if true, entitle a petitioner to relief.  After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those alleged facts."

*Bovd v. State*, 913 So. 2d 1113, 1125 (Ala. Crim App. 2003) (internal citations and quotation omitted).  In *Hyde v.State*, this Court explained:

> "The burden of pleading under Rule 32.3 and Rule. 32.6(b) is a heavy one.  Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b).  The full factual basis for the claim must be included in the petition itself.  If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b)."

950 So. 2d 344 (Ala. Crim. App. 2006).

Rule 32.7(d), Ala. R. Crim. P., permits a circuit court to summarily dismiss a Rule 32 petition for, among other reasons, the preclusion grounds outlined in Rule 32.2, Ala. R. Crim. P.; the petitioner's failure to plead his petition with the factual specificity required under Rule 32.6(b), Ala. R. Crim. P.; the petitioner's failure to raise a material issue of fact or law; or the petitioner's failure to state a claim upon which relief may be granted.  In other words, Rule 32.7 (d) authorizes circuit courts to summarily dismiss a Rule 32

petition that is not "meritorious on its face." *Cf. Duncan v. State*, 925 So. 2d at 256.

Although not a basis for the circuit court's dismissal of Guss's ineffective-assistance-of-counsel claims, these claims were properly dismissed because Guss failed to meet his burden of pleading under Rules 32.3 and 32.6(b), Ala. R. Crim. P. *McNabb v. State*, 991 So. 2d 313, 333 (Ala. Crim. App. 2007) (reaffirming that this court "may affirm the denial of a Rule 32 petition if the denial is correct for any reason"). In his petition, Guss failed to allege sufficient facts to establish that, if those facts are true, counsel's performance was deficient and he was prejudiced under *Strickland*. For instance, Guss asserted that trial counsel was ineffective for failing to move to dismiss the indictment against him because the indictment did not contain the word "unlawful"; however, he failed to allege any facts that, if true, would establish a valid ground for the dismissal of his indictment. In another example, Guss alleged that counsel should have objected to the admission of forensic testing of the "meth oil" discovered in his house because the police tainted those oils by mixing three bottles of the oils into one jar. Guss, however, failed to allege how mixing the three bottles of "meth oil" found in his residence into one jar tainted the evidence. Guss also asserted that counsel was ineffective for failing to object to the admission of forensic testing because the State did not establish each *Frye* factor; however, he did not allege facts that would establish that the State was unable to establish each of the factors. Additionally, throughout his petition, Guss failed to allege any facts that, if true, would establish prejudice under *Strickland*. *Beckworth v. State*, (CR-07-0051, May 1, 2009) ___ So. 3d ___, ___ (Ala. Crim. App. 2009) (holding that Rule 32.6(b) requires a petitioner to plead facts that, if true, would establish deficient performance and prejudice under *Strickland*).

Because Guss's ineffective-assistance-of-counsel claims lacked the factual specificity required under Rules 32.3 and 32.6(b), Ala. R. Crim. P., the circuit court did not abuse its discretion by dismissing these claims without a hearing. Ala. R. Crim. P. 32.7 (d). Therefore, Guss is not entitled to any relief.

Exh. I at 3-6 (footnotes omitted).

The respondents aruge that these claims of ineffective assistance of counsel, as

presented by Guss in his federal habeas petition, are procedurally defaulted because the Alabama Court of Criminal Appeals found that the claims, as presented by Guss in his state Rule 32 petition, lacked the factual specificity required under Ala. R. Crim. P. 32.6(b) (lack of a factual basis) and 32.7(d) (lack of specificity).   Doc. No. 15 at 10-12.   Thus, the respondents maintain that the last state court to review the claims clearly and expressly stated that its rejection of the claims rested on Guss's failure to comply with a state procedural rule. *Id*.   However, recent Eleventh Circuit precedent holds that application of Rules 32.6(b) and 32.7(d) of the Alabama Rules of Criminal Procedure is not a procedural bar, but an analysis of the merits of a claim.   *Borden v. Allen*, 646 F.3d 785, 816 (11th Cir. 2011) (concluding that an Alabama court's consideration of the sufficiency of the pleadings concerning a claim in a Rule 32 petition necessarily entails a determination on the merits of the underlying claim and thus cannot be construed as the application of a state procedural bar that would preclude federal habeas review).[6]   *See also Powell v. Allen*, 602 F.3d 1263, 1272 (11th Cir. 2010).

---

[6] The court also explicitly rejected the contrary language in the Eleventh Circuit's earlier unpublished opinion in *Jenkins v. Bullard*, 210 Fed. App'x 895, 900–01 (11th Cir. 2006) (unpublished), stating:

> A ruling by an Alabama court under Rule 32.6(b) is also a ruling on the merits.   Here, the Alabama Court of Criminal Appeals, in disposing of claims in the Amended Petition under Rule 32.6(b), necessarily considered the sufficiency of such claims, focusing in on the factors for determining whether the petition presented a case sufficient to warrant relief under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   In short, the Alabama Rules of Criminal Procedure authorize summary dismissal of claims under Rule 32.7(d) for failure to fact plead with sufficient specificity as required by Rule 32.6(b) and the form petition, much as the § 2254 Rules and the § 2255 Rules permit summary dismissal
>
> (continued...)

Thus, for purposes of this court's review of these claims by Guss of ineffective assistance of counsel, every instance in which the Alabama Court of Criminal Appeals determined that his Rule 32 petition failed to plead a claim with sufficient factual specificity under Ala. R. Crim. P. 32.6(b) and 32.7(d) will be treated as an adjudication on the merits of the claim, not a procedural default.  How that adjudication is assessed in light of the deference to state-court resolution of claims required by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA) will be discussed below with respect to each claim in which it becomes an issue.

a.   <u>Scope of Federal Habeas Review under AEDPA</u>

AEDPA, by its plain language and as interpreted by the Supreme Court, limits the scope of federal habeas review of state court judgments in the spirit of furthering "comity, finality, and federalism." *Williams v. Taylor*, 529 U.S. 420, 436, (2000).  Section 2254(d) of Title 28 states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –

---

[6](...continued)
of claims under Rule 4 for failure to fact plead under Rule 2 and the federal form petition.  Because such dismissals under the federal rules constitute rulings on the merits, we hold that a summary dismissal of a federal claim by Alabama courts for failure to comply with Rule 32.6(b) is similarly a ruling on the merits.

*Borden*, 646 F.3d at 812–13; *see also Frazier v. Bouchard*, 661 F.3d 519, 525 (11th Cir. 2011).

(1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

The Supreme Court has given significant guidance as to the application of § 2254(d)(1) in the review of state court merits adjudications.  First, under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."  *Williams*, 529 U.S. at 412–13.  The "unreasonable application ... of clearly established Federal law" clause within § 2254(d)(1) "permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).  "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'"  Wiggins, 539 U.S. at 520 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003)).  For a federal habeas court to find a state court's application of Supreme Court precedent "unreasonable," it is not enough that the state court's adjudication be only "incorrect or erroneous"; it must have been

12

"objectively unreasonable." *Id.* at 520–21 (internal citations omitted).

Federal habeas courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

> b.   Strickland Standard for Claims of Ineffective
>       Assistance of Counsel

The Alabama Court of Criminal Appeals applied the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the trial court correctly denied Guss relief on his claims of ineffective assistance of counsel. *Strickland* sets forth the clearly established federal law on this issue and requires that a petitioner alleging ineffective assistance of counsel establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate performance. *Strickland*, 466 U.S. at 687.

The elements to be considered are as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the

13

> Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. Thus, a petitioner must demonstrate that his counsel's performance "fell below an objective standard of reasonableness," *id*. at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" *Van Poyck v. Florida Dep't of Corrections*, 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995)).

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984). An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985). A federal court must apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen*, 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland*, 446 U.S. at 691).

The reviewing court "may decline to reach the performance prong of the ineffective assistance test if convinced that the prejudice prong cannot be satisfied." *Waters v. Thomas*, 46 F.3d 1506, 1510 (11th Cir. 1995) (citing *Strickland*, 466 U.S. at 697). "[T]here is no reason for a court deciding an ineffective assistance of counsel claim to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S.

at 697.

### 2.   *Adjudication of Ineffective Assistance Claims*

In light of the standards discussed above, this court's task is to evaluate whether the Alabama Court of Criminal Appeals' determination that Guss's ineffective assistance of counsel claims were due to be dismissed for lacking the factual specificity required under Ala. R. Crim. P. 32.6(b) and 32.7(d) necessary to entitle him to any relief under *Strickland*'s two-part test was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."   28   U.S.C. § 2254(d)(1).

As the Eleventh Circuit stated in *Powell v. Allen*, 602 F.3d 1263 (11th Cir. 2010):

> AEDPA limits our review to whether the state court's determination that [the petitioner] failed to plead sufficient facts in his Rule 32 petition to support a claim of ineffective assistance of counsel was contrary to or an unreasonable application of Supreme Court precedent. *Thus, we look only to the allegations in [petitioner's] Rule 32 petition and whether those allegations sufficiently state a claim for ineffective assistance of counsel.*

602 F.3d at 1273 (emphasis added).[7]

_____

[7] The Eleventh Circuit has also stated:

> Logically, [the federal habeas] court [can] only undertake an "adjudication of the claim" that was presented to it; we believe that a review of a state court adjudication on the merits in light of allegations not presented to the state court – for example, by examining additional facts or claims presented for the first time in a petitioner's federal habeas petition – would insufficiently respect the "historic and still vital relation of mutual respect and common purpose existing between the States and the federal courts."

(continued...)

15

a.  <u>Counsel's Failure to Challenge Alleged Defect in
Indictment and to Object to Trial Court's
"Constructive Amendment" of Indictment</u>

In his Rule 32 petition, Guss asserted that his trial counsel rendered ineffective

assistance of counsel by failing to challenge an alleged defect in the count of the indictment

that charged him with manufacturing methamphetamine in the first degree in violation of

§ 13A-12-218, Ala. Code 1975 ("the manufacturing count").  Exh. F at 28-32.  Specifically,

Guss argued that the manufacturing count was defective because it failed to contain the word

"unlawfully" in connection with the charged offense.  *Id*.

The manufacturing count alleged, in pertinent part:

The Grand Jury of [Russell] County charge that, before the finding of this
indictment, MARSHALL A. GUSS ... did manufacture a controlled substance
enumerated in Schedules I to V, inclusive, to wit: methamphetamine, a
controlled substance, and conducted a clandestine laboratory operation that
was to take place within 500 feet of a residence, business, church or school and
further that said lab did actually produce a quantity of a controlled substance,
in violation of Section 13A-12-218 of the Code of Alabama 1975, as amended,
against the peace and dignity of the State of Alabama.

Exh. A at 25.

"The sufficiency of a state indictment is an issue on federal habeas corpus only if the

indictment was so deficient that the convicting court was deprived of jurisdiction."  *Heath*

*v. Jones*, 863 F.2d 815, 821 (11th Cir. 1989).  "If an indictment specifically refers to the

statute on which the charge was based, [that] reference ... adequately informs the defendant

---

[7](...continued)
*Borden v. Allen*, 646 F.3d 785, 816 (11th Cir. 2011) (quoting *Williams*, 529 U.S. at 436).

16

of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998).  "Moreover, the constitutional standard is fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Ndiaye*, 434 F.3d 1270, 1299 (quotation omitted).  For relevant purposes, the elements of unlawful manufacture of methamphetamine under Alabama law are (1) manufacturing a controlled substance enumerated in Schedules I to V (of which, methamphetamine is a Scheduled II controlled substance); in conjunction with a clandestine laboratory operation within 500 feet of a residence, business, church, or school; (3) where the clandestine laboratory actually produced any amount of the controlled substance. *See* §§ 13A-12-218(a)(4)-(5) and 13A-12-217(a)(1), Ala. Code 1975.

Here, the wording of the manufacturing count both provided the citation to the specific statute for the offense and used language nearly identical to the statute, which contained all the essential elements of the crime of unlawful manufacture of methamphetamine in the first degree. *Id*.  Therefore, the indictment was constitutionally adequate and sufficiently informed Guss of the charge. *Fern*, 155 F.3d at 1325; *Ndiaye*, 434 F.3d at 1304–05.  The absence of the word "unlawfully" was not in any way a defect in the indictment.  Thus, there was no basis for Guss's trial counsel to challenge the indictment on this ground, and Guss has not met the heavy burden of showing deficient performance and prejudice with regard to this claim.  Counsel cannot be ineffective for failing to assert a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  The state

court's rejection of this claim was not contrary to or an unreasonable application of Supreme Court law.

Guss also alleged in his Rule 32 petition that his trial counsel was ineffective for failing to object on grounds that the trial court "constructively amended" the manufacturing count of the indictment by instructing the jury that it was necessary that the State prove Guss committed the offense of manufacturing methamphetamine in the first degree "knowingly and intentionally." Exh. F at 28-32; *see* Exh. A7 at 15. Guss maintained that because § 13A-12-218, Ala. Code 1975, does not specifically list "knowingly and intentionally" as elements of the offense and the words are not contained in the manufacturing count of the indictment, the trial court's jury charge adding these words improperly amended the indictment and should have been objected to by his counsel. Exh. F at 28-32. Assuming that the words constituted surplusage, it is clear that Guss could not have been prejudiced by the language complained of. The inclusion of "knowingly and intentionally" as elements of the offense did not lessen the State's burden of proof or otherwise harm Guss; if anything, it increased the State's burden of proving Guss guilty of manufacturing methamphetamine in the first degree. Viewing the charge as a whole, it cannot be said that Guss has shown any prejudice that the complained-of language might have caused. Consequently, he does not demonstrate any prejudice resulting from his trial counsel's failure to object to the language. The state court's rejection of this claim was not contrary to or an unreasonable application of Supreme Court law, and Guss is not entitled to habeas relief based on this claim.

b.       Counsel's Failure to Object to Admissibility of
Forensic Evidence under "*Frye* Standard"

In his Rule 32 petition, Guss alleged that his trial counsel was ineffective for failing

to object to admission of the State's forensic evidence – specifically, testimony from a

forensic chemist indicating that gas chromatograph/mass spectrometer testing revealed that

the seized drug evidence was methamphetamine – on the ground that the evidence did not

meet the requirements for admissibility of scientific evidence under *Frye v. United States*,

293 F. 1013 (D.C. Cir. 1923).  Exh. F at 33-37.

The *Frye* test for the admissibility of scientific evidence requires *novel* scientific

evidence to satisfy a test of "general acceptance" in the scientific community before it can

be admitted.  *Frye*, 293 F. at 1014.  *In Ex parte Turner*, 746 So. 2d 355, 357-58 (Ala. 1998),

the Alabama Supreme Court held that the *Frye* test applies to the admissibility of novel non-

DNA scientific evidence.  However, the *Frye* test was not required in Guss's case, because

the gas chromatograph/mass spectrometer testing of the seized drug evidence was not novel.

The use of a gas chromatograph/mass spectrometer to identify an unknown substance is a

standard and routine procedure in analytical chemistry.  *See, e.g., Parker v. State*, 777 So. 2d

937, 938 (Ala. Crim. App. 2000); *Miller v. State*, 687 So. 2d 1281, 1286 (Ala. Crim. App.

1996); *State v. Lucero*, 207 Ariz. 301, 303-04, 85 P. 3d 1059, 1061-62 (Ariz. App. 2004).

Consequently, there was no basis for Guss's trial counsel to challenge the admissibility of

the State's forensic evidence under the *Frye* standard.  As such, the state court's rejection of

this claim of ineffective assistance of counsel was not contrary to or an unreasonable

19

application of Supreme Court law, and Guss is not entitled to habeas relief based on this claim.

        c.    <u>Counsel's Failure to Object to Admission of "Tainted" Forensic Evidence and to Move for Acquittal on this Ground</u>

In his Rule 32 petition, Guss claimed that his trial counsel was ineffective for failing to object to admission of the State's forensic evidence on the ground that it was "tainted" and, in conjunction, was also ineffective for failing to move for a judgment of acquittal on the methamphetamine-trafficking charge, on the ground that the State did not meet its burden of proving he was in possession of 28 grams or more of a mixture containing methamphetamine, as required to sustain a methamphetamine-trafficking conviction under § 13A-12-231, Ala. Code 1975.[8]  Exh. F at 38-51.  In this regard, Guss argued that his counsel should have challenged the admissibility of evidence concerning the testing of the methamphetamine discovered in his residence on the ground that the police officer who seized three bottles suspected of containing "meth oil" (a liquid mixture containing methamphetamine) combined contents from the three bottles into a single glass jar that was later analyzed by a forensic chemist.  *Id.*  Guss maintained that because the contents of each bottle were not field tested at the scene, it was unknowable whether some of the bottles contained no methamphetamine at all.  *Id.*  Accordingly, he contended that it was improper for the officer to combine contents from the three bottles into a single jar for later testing,

---

[8] See specifically § 13A–12–231(11), Ala. Code 1975.

because the threshold amount of methamphetamine solution for trafficking, 28 grams, could have been reached by combining liquid that contained no methamphetamine with liquid that contained any amount of methamphetamine. *Id*.

State's Exhibit 27 at trial was a glass jar that contained 138.68 grams of a liquid mixture containing methamphetamine. Exh. A6 at 22-23. Trial testimony from Sgt. Harold Smith, a police officer who participated in the search of Guss's residence, indicated that the contents of this jar derived from Sgt. Smith's combined extractions of the partial contents of three 20-ounce soft drink bottles found in the meth lab Guss ran from his residence. *Id*. at 42-45. Each bottle contained bi-layered liquids, described by Sgt. Smith as "meth oil," with the heavier liquid forming the lower layer. *Id*. at 43. Although Sgt. Smith did not field test the contents of each bottle, he stated that the appearance of their contents was consistent with methamphetamine solution. *Id*. at 42-43. Sgt. Smith testified that he used a pipette, a long plastic tube with a bulb on the end, to withdraw meth oil from the lower layer of liquid in each bottle and then placed the meth oil withdrawn from each bottle into a single glass jar. *Id*. at 44 and 49-55. Sgt. Smith did not testify to the exact amount of meth oil he withdrew from each bottle. As noted, a forensic chemist later determined that the jar into which Sgt. Smith placed the meth oil contained 138.68 grams of liquid mixture containing methamphetamine – almost five times the amount required to sustain a trafficking charge under Alabama's statute.

Having carefully reviewed the record, this court cannot find that Guss's trial counsel

was ineffective for failing to seek exclusion of the State's drug evidence on the ground that it was "tainted," or for failing to move for an acquittal on the trafficking charge on this ground.[9]   The record reflects that during a thorough cross-examination of the forensic chemist who analyzed the contents of the glass jar found to contain 138.68 grams of methamphetamine solution, Guss's trial counsel effectively raised the question of whether it was possible to derive an amount of methamphetamine solution in excess of the 28 grams necessary to sustain a trafficking charge by combining liquid that contained any amount of methamphetamine with liquids that contained no methamphetamine.  Exh. A6 at 22-24.  Trial counsel also thoroughly cross-examined Sgt. Smith, who collected the meth oil at the scene, on the manner in which he withdrew the samples from each soft drink bottle and then placed the samples into the single glass jar.  While counsel's cross-examination of the State's witnesses raised legitimate questions about how much weight to accord the drug evidence introduced by the State, the question of whether there was at least 28 grams of methamphetamine solution in any one or all three of the soft drink bottles found in Guss's meth lab was ultimately an issue for the jury.

Furthermore, Guss fails to demonstrate that he was prejudiced by his counsel's alleged deficiencies.  As noted above, Sgt. Smith testified that the appearance of the contents of each soft drink bottle – each of which contained similar-looking bi-layered liquids – was consistent with methamphetamine solution, and only the heavier, lower layer of "meth oil"

---

[9] Guss's trial counsel moved for a judgment of acquittal on the trafficking charge, arguing that the State had failed to prove each and every element of the offense.  Exh. A6 at 56.

was withdrawn from each bottle.  According to Sgt. Smith, of the three 20-ounce soft drink bottles, the bottle containing the smallest amount of fluid was approximately half full and thus contained about 9 or 10 ounces of fluid.[10]  Exh. A6 at 44-45.  Testimony also indicated that Guss admitted to officers at the scene of his arrest that he was cooking methamphetamine.  Exh. A5 at 27-28.  Moreover – and significantly – Guss never asserted in his Rule 32 petition (or anywhere else, for that matter) that one or more of the soft drink bottles from which samples were collected in fact contained a liquid from which methamphetamine was wholly absent.  Under these circumstances, there is no basis for believing that a motion by Guss's counsel to bar admission of this evidence would have been successful or that a judgment of acquittal would have been granted based on the argument Guss presented in his Rule 32 petition.  To establish ineffective assistance of counsel under *Strickland*, it is not enough for a petitioner to allege that counsel's purported errors had "some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.  Accordingly, the state court's rejection of this claim of ineffective assistance of counsel was not contrary to or an unreasonable application of Supreme Court law, and Guss is not entitled to habeas relief based on this claim.

        d.    <u>Counsel's Failure to Assert Double-jeopardy Defense</u>

In his Rule 32 petition, Guss also alleged that his trial counsel was ineffective for

---

[10] There are approximately 28.35 grams in an ounce.

failing to argue that his convictions for both unlawful manufacture of methamphetamine in the first degree and trafficking methamphetamine violated the constitutional prohibition against double jeopardy because the two convictions were based on "the same conduct." Exh. F at 52-55.

The double jeopardy clause encompassed in the Fifth Amendment to the United States Constitution protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498 (1984); *Williams v. Singletary*, 78 F.3d 1510, 1512 (11th Cir. 1996). Multiple convictions arising from the same criminal transaction do not violate the double jeopardy clause if each of the offenses requires proof of a fact that the other does not. *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

> [W]here the two offenses for which the defendant is punished or tried cannot survive the "same elements" test [of *Blockburger v. United States*, 284 U.S. 299, 304 (1932)], the double jeopardy bar applies. The same elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.

*United States v. Dixon*, 509 U.S. 688, 696 (1993) (citations omitted). This analysis is "essentially one of legislative intent." *Johnson*, 467 U.S. at 499. It is concerned only with the statutory elements of the offenses, and does not concern the evidence presented at trial. *See Grady v. Corbin*, 495 U.S. 508, 521 n.12 (1990).

Under the relevant Alabama statute, a person commits the crime of trafficking in methamphetamine when he "knowingly sells, manufactures, delivers, or brings into this state,

or ... is knowingly in actual or constructive possession of, 28 grams or more of methamphetamine or any mixture containing methamphetamine[.]" § 13A–12–231(11), Ala. Code 1975.  The relevant portion of Alabama's statue proscribing the manufacture of methamphetamine provides that a person commits the crime of first-degree unlawful manufacture of methamphetamine if he "[m]anufactures a controlled substance enumerated in Schedules I to V [e.g., methamphetamine] ... [or] [p]ossesses precursor substances as determined in Section 20–2–181, in any amount with the intent to unlawfully manufacture a controlled substance," § 13A–12–217, and two or more of the following conditions occur in conjunction with the unlawful manufacture:

> ....

> (4) A clandestine laboratory operation was to take place or did take place within 500 feet of a residence, place of business, church, or school.

> (5) A clandestine laboratory operation actually produced any amount of a specified controlled substance.
> ....

§ 13A-12-218, Ala. Code 1975.

Alabama's first-degree-unlawful-manufacture statute requires proof of additional facts of which the trafficking statute does not require proof.  The unlawful-manufacture statute requires proof of the production or processing of the controlled substance in conjunction with at least two of seven additional factors.  *See* § 13A-12-218(1)-(7), Ala. Code 1975.  The trafficking statute requires proof only that the person was in possession of at least 28 grams of methamphetamine or mixture containing methamphetamine, or that the person sold,

25

manufactured, delivered, or brought at least 28 grams of methamphetamine or mixture

containing methamphetamine into the State.  Therefore, under the "same elements" test of

*Blockburger*, unlawful manufacture of methamphetamine in the first degree under §

13A–12–218, Ala. Code 1975, and trafficking methamphetamine under § 13A–12–231, Ala.

Code 1975, are not the "same offense" and double jeopardy did not bar Guss's convictions

for both offenses even if they arose from the same acts and occurrences.  *See Snowden v.*

*State*, 968 So.2d 1004, 1015-18 (Ala. Crim. App. 2006).  Consequently, Guss's trial counsel

was not ineffective for failing to argue that his convictions for both offenses violated the

constitutional prohibition against double jeopardy.  The state court's rejection of this claim

of ineffective assistance of counsel was not contrary to or an unreasonable application of

Supreme Court law, and Guss is not entitled to habeas relief based on this claim.

### 3.   *Adjudication of Sentencing Error Claim*

In his Rule 32 petition, Guss asserted that the trial court lacked jurisdiction to impose

his sentence under Alabama's Habitual Offender Act because he "believed" one or more of

his prior convictions the court relied on to enhance his sentence *may* have resulted from nolo

contendere pleas in the State of California.  Exh. F at 56-57.  In its memorandum opinion

affirming the denial of Guss's Rule 32 petition, the Alabama Court of Criminal Appeals

addressed this claim as follows:

> Guss next argues that the circuit court erroneously dismissed his claim
> that his sentence was improperly enhanced pursuant to § 13A-5-9, Ala. Code
> 1975, because his prior convictions might have been the result of nolo
> contendere pleas.  Specifically, Guss asserted that nolo contendere pleas may

26

not be used to enhance a sentence pursuant to § 13A-5-9, Ala. Code 1975, and he believes that one or more of the prior convictions used to enhance his sentence were the result of a nolo contendere plea. Based on his belief, Guss asked the circuit court to hold a hearing to enable him to determine whether or not his prior convictions were in fact based on nolo contendere pleas.

Although not a basis for the circuit court's dismissal of Guss's claim, summary dismissal of this claim was proper because Guss failed to meet his burden of pleading under Rules 32.3 and 32.6(b), Ala. R. Crim. P. *McNabb v. State*, 991 So.2d 313, 333 (Ala. Crim. App. 2007) (reaffirming that this court "may affirm the denial of a Rule 32 petition if the denial is correct for any reason"). In his petition, Guss did not allege that his prior convictions resulted from nolo contendere pleas; instead, he merely asserted that they might have resulted from such pleas and asked the circuit court to hold a hearing to enable him to learn the nature of his prior convictions. Because Guss failed to allege that his prior convictions were the result of nolo contendere pleas, he failed to allege facts that, if true, would establish that his sentence was improperly enhanced. Therefore, Guss failed to meet his burden of pleading, and summary dismissal was proper. Ala. R. Crim. P. 32.3; 32.6(b).

Exh. I at 6-7.

The Alabama Court of Criminal Appeals' determination that Guss failed to allege facts that, if true, would establish that his sentence was improperly enhanced under Alabama's Habitual Offender Act was not objectively unreasonable. Guss never directly asserted in his Rule 32 petition that the prior convictions used to enhance his sentence were in fact based on nolo contendere pleas. Nor has Guss ever pointed to any evidence establishing that his the prior convictions in question were based on nolo contendere pleas. This court therefore finds that Guss has not met his burden of showing that the state court's application of the law was objectively unreasonable or that the state court's corresponding factual determinations were incorrect by clear and convincing evidence. Guss is not entitled

to federal habeas relief based on this claim.

**B.      Procedurally Defaulted Claims**

*1.      Exhaustion and Procedural Default*

A state prisoner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also* 28 U.S.C. § 2254(b)(1) (a prisoner in state custody shall not be granted a writ of habeas corpus unless the prisoner "has exhausted the remedies available in the courts of the State."). The exhaustion doctrine requires that a petitioner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."[11] *O'Sullivan*, 526 U.S. at 845. A state prisoner's failure to present his claims to the state courts in the proper manner results in a procedural default of those claims. *Id*. at 848. Further, "when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005).

a.      "Cause and Prejudice"

Once a federal claim is procedurally defaulted in state court, a state habeas petitioner "is procedurally barred from pursuing the same claim in federal court absent a showing of

---

[11] In Alabama, the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to the Alabama Court of Criminal Appeals, and an application for discretionary review by the Alabama Supreme Court. *See* Ala. R.App.P. 4 and 39–40.

cause for and actual prejudice from the default." *Bailey v. Nagle,* 172 F.3d 1299, 1302 (11th Cir. 1999) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  "[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default was the result of ineffective assistance of counsel.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Prejudice, in this context, means a reasonable probability that the outcome would have been different.  *Jenkins v. Bullard*, 210 Fed. App'x 895, 898–901 (11th Cir. 2006).

> b.    "Actual Innocence"

In the absence of a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."   *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).  "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare....  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup v.*

*Delo*, 513 U.S. 298, 324 (1995).

      **2.**    ***Defaulted Claims Presented in Amendment to § 2254 Petition***

As noted, Guss amended his original § 2254 petition to add the following claims:

1.      His trial counsel was ineffective for failing to object to the State's chain of custody for the drug evidence.

2.      The trial court erred in sentencing him for trafficking methamphetamine "when there was no usable product to weigh, just precursor chemicals."

3.      His convictions for manufacturing methamphetamine and trafficking methamphetamine were based on the same conduct and therefore violated the prohibition against double jeopardy.

4.      The State failed to disclose favorable evidence – "an official police report from the day of [his] arrest" – in violation of *Brady v. Maryland*.

Doc. No. 13 at 1-15. These claims, as discussed below, were either not properly exhausted in the state courts or are raised for the first time in Guss's federal petition.

      a.      <u>Counsel's Failure to Object to Chain of Custody of Drug Evidence</u>

Guss contends in the amendment to his § 2254 petition that his trial counsel was ineffective for failing to object to the State's chain of custody of the drug evidence. Doc. No. 13 at 1-8. Guss raised a similar allegation of ineffective assistance of counsel in the *pro se* issues he submitted to the Alabama Court of Criminal Appeal after his appellate counsel filed an *Anders* brief. Exh. C at 1-2. The Alabama Court of Criminal Appeals found that this and Guss's other *pro se* claims of ineffective assistance of counsel were not preserved for

appellate review, because they were not first presented to the trial court.  Exh. D.

Guss did not file an application for rehearing of the Court of Criminal Appeals' decision, nor did he petition the Alabama Supreme Court for certiorari review. Consequently, even assuming (without so finding) that he *could* have properly raised this claim of ineffective assistance of trial counsel on direct appeal, Guss failed to exhaust the established appellate review process in Alabama's courts.  It is now too late for him to return to state court to do so.  Guss also did not present this claim of ineffective assistance of counsel in his Rule 32 petition.  In view of Guss's failure to present this claim to the state courts in the proper manner, this court finds that the claim is procedurally defaulted.  Guss makes no attempt to establish cause and prejudice excusing his procedural default or to make a showing of actual innocence.  Therefore, this procedurally defaulted claim is foreclosed from federal habeas review.

> b.   Absence of "Usable Product" in Determining Amount of Methamphetamine

Guss contends in the amendment to his § 2254 petition that the trial court erred in sentencing him for trafficking in methamphetamine "when there was no usable product to weigh, just precursor chemicals."  Doc. No. 13 at 8-10.  Scrutiny of Guss's argument in this regard reveals that Guss claims that only the "usable" (i.e., marketable) methamphetamine in the 138.68-gram liquid mixture subjected to forensic analysis should have been considered in calculating the quantity of methamphetamine in his possession, and that the unusable and unmarketable portion of the liquid mixture should have been excluded from the calculation

in determining whether he possessed the threshold amount of the drug (28 grams) to sustain a trafficking charge. *Id.* Such a claim, however, is not properly before this court, because it was never presented to the state courts. Guss cannot now return to the state courts to present this claim, as it would be barred under Alabama's procedural rules. The claim is therefore procedurally defaulted. *See Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (""[I]f the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal.").

Guss suggests, as cause for his failure present this claim in the state courts, that his trial and appellate counsel rendered ineffective assistance by failing to raise the claim. *Id.* at 10. However, he did not raise an ineffective-assistance-of-counsel claim founded on this premise in the state courts. Consequently, he is foreclosed from using the alleged ineffective assistance of his counsel as a basis for cause to excuse his procedural default of the underlying claim. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000); *Henderson v. Campbell*, 353 F.3d 880, 896-97 (11th Cir. 2003).

        c.      <u>Double Jeopardy Based on Multiple Convictions<br>for Same Conduct</u>

In the amendment to his § 2254 petition, Guss asserts that his convictions for manufacturing methamphetamine and trafficking methamphetamine were based on the same conduct and therefore violated the prohibition against double jeopardy. Doc. No. 13 at 10-

14.  The substantive arguments that Guss presents in this regard elaborate upon the same arguments he sets forth in support of his claim, presented in his Rule 32 petition and in his original § 2254 petition, that his trial counsel rendered ineffective assistance by failing to assert a double-jeopardy defense. That claim of ineffective assistance of counsel was discussed above in this Recommendation and was found to be meritless, because manufacturing methamphetamine and trafficking methamphetamine, as defined by the pertinent Alabama statutes, are not the "same offense" under the *Blockburger* test, and therefore double jeopardy does not bar Guss's convictions for both offenses even if they arose from the same acts and occurrences.  *See* Part II.A.2.d of Recommendation, above. Thus, to the extent that Guss's amendment to his habeas petition presents a separate, substantive double-jeopardy claim, the claim is obviously without merit.[12]  Guss also appears to suggest for the first time in his amendment that his appellate counsel was ineffective for failing to raise this same double-jeopardy argument on appeal.  His appellate counsel, however, could not have been ineffective for failing to raise a meritless issue.  *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

       d.   <u>Brady Claim</u>

Finally, Guss asserts in the amendment to his § 2254 petition that the State failed to disclose favorable evidence – "an official police report from the day of [his] arrest" – in

---

[12]  Because the merits of Guss's double-jeopardy argument were fully discussed – and rejected – by this court in its analysis of his claim of ineffective assistance of trial counsel, the court forgoes an application of the procedural-default doctrine in its treatment of this claim as presented in the amendment to the § 2254 petition.

violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  Doc. No. 13 at 14-15.  This claim was never presented to the state courts, and Guss cannot now return to the state courts to present it, as it would be barred due to a state law procedural default.  The claim is therefore defaulted for purposes of federal review.  *Bailey*, 172 F.3d at 1303.  Although Guss suggests, as cause for his failure present this claim in the state courts, that his trial and appellate counsel rendered ineffective assistance by failing to raise the claim, *see* Doc. No. 13 at 14, *Id*. at 10, he did not raise an ineffective-assistance-of-counsel claim founded on this premise in the state courts.  Therefore, he is foreclosed from using the alleged ineffective assistance of his counsel as a basis for cause to excuse his procedural default of the underlying claim.  *Edwards*, 529 U.S. at 451-52; *Henderson*, 353 F.3d at 896-97.  For these reasons, Guss's *Brady* claim is not properly before this court for habeas review.

## III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Guss be denied and that this case be dismissed with prejudice.  It is further

ORDERED that on or before **January 22, 2013,** the parties shall file objections to the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of January, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE