IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

MARSHALL ALLEN GUSS, #251123,   )
                                )
          Petitioner,           )
                                )
v.                              )      CIVIL ACTION NO.   3:11cv236-WHA
                                )
GARY HETZEL, et al.,            )
                                )
          Respondents.          )

**ORDER**

  This case is before the court on the Recommendation of the Magistrate Judge (Doc. #29) and Petitioner's Objection thereto (Doc. #34).

  Following an independent evaluation and *de novo* review of the entire file in this case, the court finds the objection to be without merit and due to be overruled.

  Most of the objections merely reargue contentions which the Magistrate Judge addressed in the Recommendation. The court agrees with the conclusions of the Magistrate Judge regarding those. One objection, however, refers to evidence not before the Magistrate Judge and not discussed in the Recommendation, and this court will address that separately.

  After filing his habeas petition in this court, Guss filed a second Rule 32 petition in the state trial court, reasserting his claim of sentencing error. Following an evidentiary hearing, the trial court specifically found that the prior convictions used to enhance Guss's sentence under Alabama's Habitual Offender Act did <u>not</u> result from nolo contendere pleas. Guss notes this in his objections, but continues to maintain he was sentenced in error. Although this additional

evidence was not before the Magistrate Judge and was not discusssed in the Recommendation, it only bolsters the conclusion that there was no error in Guss's sentence.

The Recommendation found that the following claims in Guss's amended § 2254 petition were either not properly exhausted in the state courts or are raised for the first time in Guss's federal petition, and were therefore procedurally defaulted:

i. Trial counsel was ineffective for failing to object to the State's chain of custody for the drug evidence.

ii. The trial court erred in sentencing Guss for trafficking methamphetamine "when there was no usable product to weigh, just precursor chemicals."

iii. Guss's convictions for manufacturing methamphetamine and trafficking methamphetamine were based on the same conduct and therefore violated the prohibition against double jeopardy.

iv. The State failed to disclose favorable evidence – "an official police report from the day of [his] arrest" – in violation of *Brady v. Maryland*.

Guss argues in his objections that this court should consider the merits of these claims because he presented them in the second Rule 32 petition in the state trial court. (Doc. No. 34 at 17-27.) Guss also argues that this court should have granted his request for a stay of the disposition of his § 2254 petition pending the state court's resolution of these claims. (*Id*.)

All of these claims, however, were rejected by the state court in deciding Guss's second Rule 32 petition on the ground that they constituted claims presented in a successive Rule 32 petition and on other procedural grounds as well. There were no good grounds for staying Guss's federal habeas proceedings while he litigated claims that were clearly procedurally barred in the state courts.

For the reasons stated above, the Petitioner's objections are hereby OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that the petition for habeas corpus relief is DENIED, and this case is DISMISSED with prejudice.

DONE this 12th day of March, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE